UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON EVAN CUMMINGS,<br><br>                      Petitioner,<br>     v.<br><br>MELISSA ANDREWJESKI,<br><br>                      Respondent. | CASE NO. 2:23-cv-1314-JNW-GJL<br><br>ORDER LIFTING STAY AND DIRECTING PETITIONER TO AMEND |

Currently before the Court is Petitioner Clayton Cummings's Motion to Lift the Stay in this 28 U.S.C. § 2254 federal habeas action. Dkt. 22. On September 26, 2023, the Court granted Petitioner's request to stay these proceedings so that he may attempt to exhaust his remedies in the state courts. Dkt. 13. In the instant Motion, Petitioner represents that his state court remedies are now exhausted and requests the stay be lifted.[1] Dkt. 22.

Accordingly, Petitioner's Motion (Dkt. 22) is **GRANTED** and the stay in this action is hereby **LIFTED.**

---

[1] Respondent does not oppose Petitioner's request to lift the stay but expresses doubt as to whether Petitioner's state court remedies have been fully exhausted. *See* Dkts. 24, 26. However, as this case was stayed so that Petitioner may *attempt* to exhaust his remedies in state court, it is unnecessary for the Court to address whether such remedies have been fully exhausted for purposes of lifting the stay.

ORDER LIFTING STAY AND DIRECTING PETITIONER
TO AMEND - 1

Additionally, Petitioner is **DIRECTED** to **FILE** an amended petition not later than **August 19, 2025**, so that his exhaustion activity is appropriately reflected with respect to each ground for federal habeas relief raised.

The amended petition **MUST** comply with the Rules Governing § 2254 cases ("Habeas Rules"). Under Rule 2(a) of the Habeas Rules, the amended petition "**MUST** name as respondent the state officer who has custody." Rule (2) also requires that the amended petition:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The amended petition **MUST** also "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

In his amended petition, Petitioner **MUST** provide a short, clear, and direct statement identifying the specific constitutional basis for all grounds for habeas relief. Also, for each ground raised, Petitioner **MUST** briefly state the basic facts supporting that ground, and each ground for relief **MUST** be limited to those available in § 2254 habeas corpus proceedings. Petitioner **SHOULD NOT** include supplemental documents, state court records, and legal memoranda with his amended petition. Such materials detract significantly from the clarity of the grounds for relief presented in the petition, and, if necessary, there will be an opportunity for Petitioner to file such materials at a later stage in these proceedings.

//

//

The Clerk's Office is directed to provide Petitioner with a blank form for filing a 28 U.S.C. § 2254 petition along with a copy of this Order.

Dated this 20th day of June, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER LIFTING STAY AND DIRECTING PETITIONER TO AMEND - 3