UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON EVAN CUMMINGS,<br><br>      Petitioner,<br> v.<br><br>MELISSA ANDREWJESKI,<br><br>      Respondent. | CASE NO. 2:23-cv-1314-JNW-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **July 7, 2025** |

  This federal habeas action filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Petitioner Clayton Evan Cummings's Motion for Preliminary Injunction. Dkt. 23. Respondent Melissa Andrewjeski filed a Response opposing the Motion, arguing it is procedurally improper, seeks to compel Respondent to present specific legal arguments, and supplies additional arguments not raised in the Petition. Dkt. 24. Petitioner filed a Reply, maintaining that his Motion is procedurally sound and well supported by law. Dkt. 25.

  Upon review of the Motion and relevant record, the Court concludes that Petitioner's Motion should be **DENIED** as procedurally improper. Also, to the extent it raises new grounds for federal habeas relief, Petitioner's Motion should be **DENIED** and **STRICKEN** from the

REPORT AND RECOMMENDATION - 1

record in this case as an improper statement of additional grounds. The Motion should also be **DENIED** to the extent it seeks release from confinement ahead of a final determination on the merits because, even if this relief could be granted, Petitioner has not made the requisite showing to obtain it.

## I. BACKGROUND

Petitioner, proceeding *pro se*, initiated this action in August 2023 by filing a federal habeas Petition and a Motion to Stay these proceedings so that he may attempt to exhaust his remedies in the state courts. Dkt. 1, 9. After hearing from Respondent on the propriety of a stay, the Court granted Petitioner's request and entered a stay of these proceedings on September 26, 2023. Dkt. 13; *see also* Dkt. 12.

On May 20, 2025, Petitioner filed a Motion to Lift the Stay, stating that his state court remedies have now been exhausted. Dkt. 22. The Court granted Petitioner's request to lift the stay and directed him to file an amended petition, so that his exhaustion activity may be appropriately reflected with respect to each ground for federal habeas relief raised. Dkt. 27 (amended petition due not later than Aug. 19, 2025).

On the same day he filed his Motion to Lift the Stay, Petitioner filed the instant Motion ostensibly seeking a preliminary injunction in this case. Dkt. 23. In particular, Petitioner requests a court order compelling Respondent to engage in "constitutional analysis to prove constitutionality of [Washington Revised Code §] 9A44.020(1)." *Id.* at 1. Respondent filed a Response opposing a preliminary injunction, and Petitioner filed a Reply in support. Dkt. 24, 25. As such, Petitioner's Motion is now fully briefed and ripe for consideration by the Court.

## II. DISCUSSION

The Court concludes that Petitioner's Motion for Preliminary Injunction should be denied for three reasons. First, as Respondent persuasively argues, Petitioner's Motion is procedurally

REPORT AND RECOMMENDATION - 2

1  improper because it seeks relief under procedural rules governing Washington State courts, not
2  United States District Courts. Dkt. 24 at 2; *see* Dkt. 23 (seeking a preliminary injunction under
3  Rule 65 of Washington State Civil Rules).

4  Second, Petitioner's Motion does not seek the type of relief typically obtained through a
5  preliminary injunction. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th
6  Cir. 1984) (the aim of a preliminary injunction is to maintain the status quo or prevent irreparable
7  harm before a final determination can be reached). Rather, Petitioner seeks a court order
8  compelling Respondent to conduct "constitutional analysis" of arguments not raised in his
9  Petition. *Id.* In this way, Petitioner's Motion functions as an improper statement of additional
10 grounds for federal habeas relief. However, the only proper avenue for a federal habeas
11 petitioner to present new habeas claims are (1) by properly amending their petition or (2) by
12 obtaining leave to present new grounds in another form prescribed by the Court. *See Cacoperdo*
13 *v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (finding new claims raised in a traverse were
14 not properly presented to district court and not cognizable on appeal). The instant Motion does
15 not fall into either category, so the new grounds raised therein are not properly before the Court.

16 Third, even if Petitioner had included a request for release from confinement in his
17 Motion, the Ninth Circuit has "not yet decided whether district courts have the authority to grant
18 [release on] bail pending resolution of a habeas petition." *United States v. McCandless*, 841 F.3d
19 819, 822 (9th Cir. 2016) (per curiam), *cert. denied*, 582 U.S. 917 (2017); *see also Roe v. United*
20 *States Dist. Court (In Re Roe)*, 257 F.3d 1077, 1080 n. 2 (9th Cir. 2001) (declining to resolve the
21 issue but expressing doubt as to whether the appliable rules "contemplate release on bail pending
22 an initial decision in district court.").

23 Assuming *arguendo* that the Court is authorized to grant such relief via a preliminary
24 injunction, in order to obtain it, Petitioner must show that he has "a high probability of success"

REPORT AND RECOMMENDATION - 3

on the merits in this case and that "special circumstances justify his release." *Centofanti v. Neven*, 820 F. App'x 555, 556 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2604 (2021); *United States v. Dade*, 959 F.3d 1136, 1138 (9th Cir. 2020). Neither showing is made here.

Petitioner must file an amended petition before he may proceed in this action. Dkt. 27. Unless and until he has amended his Petition, Petitioner is unable to show a high probability of success on the merits.[1] Additionally, the instant Motion does not address—let alone show—the existence of special circumstances warranting Petitioner's release before a final decision has been reached in this case.[2]

In sum, Petitioner's Motion should be **DENIED** as procedurally improper. Also, to the extent it raises new grounds for federal habeas relief, Petitioner's Motion should be **DENIED** and **STRICKEN** as an improper statement of additional grounds. Finally, the Motion should also be **DENIED** to the extent it seeks release from confinement ahead of a final determination in this case.

### III.    CONCLUSION

For the above stated reasons, the undersigned recommends that Petitioner's Motion for Preliminary Injunction (Dkt. 23) be **DENIED** and, to the extent it raises new grounds for federal habeas relief, it should be **STRICKEN** from the record in this case.

//

---

[1] For example, in its current form, Petitioner's habeas Petition reflects that none of his grounds for habeas relief have been exhausted in the state courts. Dkt. 6.

[2] To show special circumstances justifying release, a petitioner must demonstrate his circumstances would, in effect, deprive him of the benefit of habeas relief granted in the ordinary course. Special circumstances justifying relief may exist where a petitioner shows "a serious deterioration of health while incarcerated, and unusual delay in the appeal process," *United States v. Mett*, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994) (quoting *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989)), or "when the [challenged] sentence is so short that if bail were denied and the habeas petition ultimately granted the petitioner would have already serve[d] the sentence." *Benhoff v. Sherman*, 2020 WL 5905180, *5 (S.D. Cal. 2020) (citation and internal quotation marks omitted); *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir.), *cert. denied*, 506 U.S. 955 (1992).

REPORT AND RECOMMENDATION - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 7, 2025**, as noted in the caption.

Dated this 20th day of June, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5