UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON EVAN CUMMINGS,<br><br>      Petitioner,<br> v.<br><br>JEFFEREY PERKINS,<br><br>      Respondent. | CASE NO. 2:23-cv-1314-JNW-GJL<br><br>ORDER DENYING MOTION FOR COUNSEL |

  This federal habeas action filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge Grady J. Leupold. Before the Court is Petitioner Clayton Evan Cummings's Motion to Appoint Counsel. Dkt. 35. In his response, Respondent Jeffery Perkins argues that the Motion should be denied because Petitioner has not shown that he has a right to appointed counsel in this case, that he is unable to articulate his claims *pro se*, or that he is likely to success on the merits. Dkt. 38.

  Upon review, the Court concludes that Petitioner has failed to demonstrate that the appointment of counsel is warranted at this time. As such, his Motion (Dkt. 35) is **DENIED without prejudice**.

## I.     LEGAL STANDARD

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless (1) counsel is required to prevent a due process violation, (2) an evidentiary hearing is required, or (3) such appointment is necessary for the effective utilization of discovery procedures. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Even where habeas counsel is not required as a matter of right, the Court may appoint counsel for financially eligible petitioners "when it determines 'that the interests of justice so require.'" *Chaney*, 801 F.2d at 1196 (quoting 18 U.S.C. § 3006A); *see also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (in circumstances where appointment of counsel is not mandated, the decision to appoint counsel falls within the "sound discretion of the court"). In deciding whether to appoint counsel, the Court evaluates "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954; *see also Stokes v. Roe*, 18 F. App'x 478, 479 (9th Cir. 2001).

## II.     DISCUSSION

In his Motion, Petitioner requests the appointment of counsel to assist in negotiation of post-conviction relief "through other means," including a purported criminal investigation into the lawfulness of Petitioner's underlying state court prosecution. Dkt. 35 at 1–3. Petitioner's desire to pursue forms of relief external to these habeas proceedings does not entitle him to court-appointed counsel.

Moreover, Petitioner does not demonstrate that any difficulties he may experience in litigating this case without counsel are exceptional or uncommon to all *pro se* litigants. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff had not shown his "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants") (citations omitted).

Finally, these proceedings are still in the early stages as Respondent has not yet filed an answer to the Amended Petition, and Petitioner has not demonstrated he is likely to succeed on the merits of his case or that an evidentiary hearing will be necessary.

Accordingly, the Court concludes that Petitioner has not shown that the appointment of counsel is warranted at this time.

### III.   CONCLUSION

For the reasons above, Petitioner's Motion to Appoint Counsel (Dkt. 35) is **DENIED without prejudice**.

Dated this 15th day of September, 2025.

Grady J. Leupold
United States Magistrate Judge