UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLAYTON EVAN CUMMINGS,

                          Petitioner,

        v.

JEFFEREY PERKINS,

                          Respondent.

CASE NO. 2:23-cv-1314-JNW-GJL

REPORT AND RECOMMENDATION

Noting Date: JANUARY 26, 2026

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Clayton Evan Cummings, proceeding *pro se*, has filed a federal Petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. Dkt. 32. Petitioner has raised six (6) grounds for relief.

Petitioner has requested an evidentiary hearing in this matter. Dkt. 55 at 7. Upon review, the Court **RECOMMENDS** the request for an evidentiary hearing be **DENIED**, the federal habeas Petition be **DENIED on all grounds**, and a certificate of appealability not be issued.

//

REPORT AND RECOMMENDATION - 1

# I.    BACKGROUND

A.    <u>Factual Background</u>

The Washington State Court of Appeals, Division I ("court of appeals"), in its order dismissing Petitioner's 2023 Personal Restraint Petitions ("PRPs"), summarized the facts underlying Petitioner's conviction as follows:

> Between March 6, 2019, and March 27, 2019, Cummings was charged with the following crimes: three counts of child molestation in the first degree for acts committed against N.L. in 2006; three counts of child molestation in the first degree for acts he committed against S.T.-K. between 2002 and 2007; two counts of rape in the third degree for acts committed against S.W. in 2018; three counts of rape in the third degree and one count of assault in the second degree domestic violence for acts he committed against J.O. in 2018; two counts of rape in the third degree domestic violence against S.W.; two counts of child molestation in the first degree for acts he committed against T.E.A. from October 2000 to October 2003; and rape in the third degree for acts committed against C.M.H. in 2018.
>
> Cummings was initially scheduled for separate trials on the charges. Trial concerning the acts against J.O. and S.W. began on May 16, 2022. Testimony began on May 17, with J.O. testifying to the incidents that took place between she and Cummings. Before testimony resumed the next day, the parties informed the court that a plea had been worked out. All pending charges were combined in a single amended information. Cummings then pleaded guilty to three counts of child molestation, three counts of rape in the third degree, and one count of assault in the second degree domestic violence. Cummings was sentenced to 149 months for each count of child molestation, 60 months for each count of rape, and 63 months for assault in the second degree, all run concurrently.

Dkt. 53-1, Ex. 9 at 1-2.

B.    <u>Procedural Background</u>

Cummings pleaded guilty in state court and did not appeal his convictions.

1.    *2023 Personal Restraint Petitions*

On May 30, 2023, Petitioner filed his first *pro se* PRP in the court of appeals. Dkt. 53-1, Ex. 1. Relevant to Petitioner's claims here, Petitioner challenged the constitutionality of RCW 9A.44.020(1) and the validity of his guilty plea having not been advised of the statute's

REPORT AND RECOMMENDATION - 2

unconstitutionality. *Id.* Plaintiff filed a second PRP in August 2023, which the state court of appeals consolidated with the initial PRP. *See* 53-1, Ex. 5. After the State and the Department of Corrections responded to the PRP, the state court of appeals appointed counsel for Petitioner. *See* Dkt. 53-1, Exs. 2, 3, 5. The parties submitted further briefing, and the court of appeals denied the PRP in an unpublished opinion on March 3, 2025. Dkt. 53-1, Ex. 9. The court declined to consider the constitutionality of RCW 9A.44.020(1) as Petitioner had not shown actual and substantial prejudice because the statute "did not play a role in the trial, and the mere possibility that it may have been given as an instruction is insufficient." Dkt. 53-1, Ex. 9 at 5.

Petitioner then sought discretionary review by the state supreme court. Dkt. 53-1, Ex. 10. On May 14, 2025, a deputy commissioner of the state supreme court denied Petitioner's Motion for discretionary review affirming the court of appeals finding that RCW 9A.44.020(1) "did not come into play" in Petitioner's case and finding no merit to Petitioner's constitutional objections to RCW 9A.44.020(1) regardless. Dkt. 53-1, Ex. 11 at 2.

2.    *2024 Personal Restraint Petition*

On October 4, 2024, the trial court transferred a CrR 7.8 motion filed by Cummings to the court of appeals for consideration as a PRP. Dkt. 53-1, Ex. 12. Petitioner filed an appeal of the trial court's transfer to the court of appeals, which the court of appeals consolidated with the original CrR 7.8 motion into one PRP for its consideration. Dkt. 53-1, Exs. 13, 14. On February 13, 2025, the court of appeals denied the PRP as it sought the same relief, on the same grounds, as Petitioner's 2023 PRP. Dkt. 53-1, Ex. 15 at 3–4.

3.    *Federal Petition*

On August 23, 2023, Petitioner filed an initial Petition in this Court raising four grounds for relief. Dkt. 1. On September 26, 2023, the Court stayed the case pending Petitioner's attempt

REPORT AND RECOMMENDATION - 3

to exhaust his claims in state court.  Dkt. 13. The Court lifted the stay at Petitioner's request on June 20, 2025, and directed Petitioner to file an amended petition to reflect his exhaustion activities with regard to each ground for federal habeas relief raised. Dkt. 27.

On August 5, 2025, Petitioner filed an amended Petition raising six grounds for relief. Dkt. 32. In the Petition, Petitioner raises the following six grounds for relief:

1.   RCW 9A.44.020(1) is unconstitutional; a facial challenge to the constitutionality of the statute.

2.   RCW 9A.44.020(1) violates the separation of powers doctrine.

3.   RCW 9A.44.020(1) violates the privileges and immunities clause of Washington State Constitution Article 1 § 12.

4.   RCW 9A.44.020(1) violates the federal guarantee of equal protection of the U.S. Constitution under the 14th Amendment.

5.   RCW 9A.44.020(1) is an unconstitutional bill of attainder.

6.   RCW 9A.44.020(1) violates "due process."

Dkt. 32 at 5–15. On November 10, 2025, Respondent filed, and served on Petitioner, an Answer. Dkt. 52. Petitioner filed a Traverse on November 21, 2025. Dkt. 55. Thus, the Petition is ripe for consideration.

## II.    DISCUSSION

Respondent concedes that the amended Petition is timely but contends Petitioner has not properly exhausted his grounds for relief because he did not fairly present them to the Washington Supreme Court. *See* Dkt. 52 at 4, 9. Nevertheless, Respondent argues the Court may also dismiss the Petition with prejudice on the merits of Petitioner's claims. *Id.* at 4 (citing 28 U.S.C. § 2254(b)(2)). The Court agrees. Accordingly, the Court reviews Petitioner's claims on the merits and dismisses them for the reasons set forth below.

//

REPORT AND RECOMMENDATION - 4

A.    Habeas Relief Unavailable for State Constitutional Law Issue Raised in Ground 3

At the outset, Ground 3 challenges the constitutionality of RCW 9A.44.020(1) under Article 1 §12 of the Washington State Constitution and thereby warrants no federal habeas relief. Section 2254 "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting 28 U.S.C. § 2254 (a)). Federal habeas review is not available for facial challenges to the constitutionality of a state statute under a state constitution. *See Calderon v. Anderson,* No. 2:24-CV-01996-JNW-BAT, 2025 WL 950820, at *3 (W.D. Wash. Jan. 7, 2025) ("Hence, Petitioner's claim that RCW 9A.44.020(1) violates the Washington State Constitution is not cognizable in this federal habeas action and should be dismissed."). Accordingly, Petitioner's claim in Ground 3 is not cognizable in this federal habeas action and should be dismissed.

B.    Petitioner's Guilty Plea Bars All of Petitioner's Grounds for Relief

Respondent further argues each of Petitioner's six claims for relief are barred by Petitioner's guilty plea. In May 2022, Petitioner pleaded guilty to three counts of child molestation, three counts of rape in the third degree, and one count of assault in the second degree domestic violence. Dkt. 53-1, Ex. 2 at 140–150 (Verbatim Report of Proceedings ("VRP") (May 19, 2022).

A person who voluntarily and intelligently pleads guilty to a criminal charge may not seek federal habeas corpus relief on the basis of pre-plea constitutional violations. *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir. 1985) (citing *Haring v. Prosise*, 462 U.S. 306, 319–20 (1983); *Tollett v. Henderson*, 411 U.S. 258, 266, 267 (1973)); *Kliewer v. Bennett*, No. 3:24-cv-05678-BHS-BAT, 2024 WL 4136339, at *3 (W.D. Wash. Aug. 20, 2024) ("A petitioner who

REPORT AND RECOMMENDATION - 5

pleads guilty cannot challenge pre-plea constitutional violations on habeas corpus."). Under the *Menna -Blackledge* doctrine, there is a limited exception for petitioners challenging the Government's power to criminalize the petitioner's conduct itself. *See Class v. United States*, 583 U.S. 174, 178, 182 (2018); *United States v. Broce,* 488 U.S. 569, 574–76 (1989) (upholding the exception "where on the face of the record the court had no power to enter the conviction or impose the sentence") (citing *Blackledge v. Perry,* 417 U.S. 21 (1974); *Menna v. New York,* 423 U.S. 61 (1975) *(per curiam)*).

However, Petitioner here is not challenging the constitutionality of the underlying criminal conduct or the convicting statutes in this case. Each of Petitioner's claims challenge RCW 9A.44.020(1), an evidentiary provision that permits juries to consider testimony from alleged victims of sexual crimes without corroboration. Petitioner was not "prosecuted under RCW 9A.44.020(1)" as he alleges, but rather under Washington Criminal Code provisions for Child Molestation in the First Degree (RCW 9A.44.083), Rape in the Third Degree (RCW 9A.44.060(1)(a)), and Assault in the Second Degree – Domestic Violence (RCW 9A. 36.021(1)(g), 9.94A.030(20), 10.99.020, 26.50.010). *See* Dkt. 53-1 at 89. By challenging only whether an "alleged rape victim's testimony does not need to be corroborated, Petitioner is challenging the sufficiency of the evidence that could convict him of the crime, and not the state's authority to bring him to court." *Anaya v. Andrewjeski*, 2024 WL 898886 at *5 (E.D. Wash. March 1, 2024). Consequently, Petitioner's grounds for relief based upon RCW 9A.44.020(1) are not a basis for habeas relief.

To the extent Petitioner suggests his guilty plea was not voluntary or intelligent, a defendant may only attack the "voluntary and intelligent character of the guilty plea," *Tollett*, 411 U.S. at 267, by showing the advice he received from counsel was not "within the range of

competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett*, 411 U.S. at 267 (citing *McMann*, 397 U.S. at 771).

Here, there is nothing in the record suggesting Petitioner's plea was involuntary. *See* Dkt. 53-1, Ex. 2 at 140–150 ("Transcript of Petitioner's Plea Hearing"). As noted by the court of appeals, Petitioner signed his guilty plea, indicating that he made the plea freely and voluntarily. *See* Dkt. 53-1, Ex. 9 at 4. During his plea hearing, Petitioner "informed the judge that he had reviewed the statements with his attorney, signed the document, understood the rights he was sacrificing, acknowledged the maximum penalties and confirmed no one threatened him." *Id.* "The trial judge also signed a statement that he found Cummings's plea to be knowing, voluntary, and intelligent." *Id.* Petitioner "did not ask the trial judge any questions during the plea hearing or indicate the statute was the reason he pleaded guilty." *Id.* Nor does Petitioner challenge the advice of counsel at the trial court proceedings in his federal petitions.[1]

To the extent Petitioner alleges his plea was not voluntary and knowing based upon the prosecution's failure to disclose the alleged unconstitutionality of RCW 9A.44.020(1), Petitioner has provided no authority for finding the prosecution had an obligation to either (1) disclose evidentiary rules that *might* apply in a defendant's case if it proceeds through trial, or (2) identify

---

[1] Petitioner argued ineffective assistance of counsel in state court, but he has not included arguments pertaining to his attorney in his federal habeas petitions. *See* Dkt. 53-1, Ex. 9 at 5-8.

REPORT AND RECOMMENDATION - 7

which of those evidentiary rules *might* be unconstitutional.[2] Moreover, this Court agrees with the court of appeals that Petitioner has not established RCW 9A.44.020(1) had any bearing on his guilty plea. *See* Dkt. 53-1, Ex. 9 at 4 ("Indeed, there is nothing in the record that demonstrates the statute played any role in [Petitioner's] case or his decision to plead guilty."). Under *Tollett*, Plaintiff's constitutional challenges to the hypothetical application of RCW 9A.44.020(1) in his case cannot survive his guilty plea.[3]

### III.    EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court in *Shinn* held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-

---

[2] Notably, Petitioner has also failed to provide authority finding 9A.44.020(1) unconstitutional.

[3] While the Court need not reach the merits of Petitioner's challenges to RCW 9A.44.020(1) barred by his guilty plea, the Court notes Petitioner's claim in Ground 5 alleging the statute is an unconstitutional bill of attainder has been repeatedly rejected by federal courts in Washington State. *See e.g., Calderon v. Anderson*, 2025 WL 950820, at *4 (W.D. Wash. Jan. 7, 2025) (citing *Faustino Anaya v. Andrewjeski,* 2024 WL 898886 (E.D. Wash. March 1, 2024); *Stevens v. Andrewjeski*, 2024 2868983 (E.D. Wash. June 6, 2024); *Barragan v. Andrewjeski*, 2024 WL 2303851 (E.D. Wash. May 21, 2024)).

REPORT AND RECOMMENDATION - 8

conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, Petitioner's claims may be resolved on the existing state court record.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Petition.

## V. CONCLUSION

For the reasons set forth above, the Court concludes Petitioner has not shown he is entitled to relief under 28 U.S.C. § 2254. Additionally, an evidentiary hearing is not required. Therefore, the Court **RECOMMENDS** the Petition (Dkt. 32) be **DENIED** and a certificate of appealability not be issued.

//

REPORT AND RECOMMENDATION - 9

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 26, 2026, as noted in the caption.

Dated this 8th day of January, 2026.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10