UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAYTON EVAN CUMMINGS, | CASE NO. 2:23-cv-1314 |
| Petitioner, | ORDER |
| v. | |
| JEFFERY PERKINS, et al., | |
| Respondents. | |

On January 8, 2026, U.S. Magistrate Judge Grady J. Leupold issued a Report and Recommendation ("R&R") recommending that the Court deny Petitioner Clayton Cummings's Petition for Writ of Habeas Corpus as well as his request for an evidentiary hearing. Dkt. No. 56. Cummings's timely objections to the R&R come before the Court. Dkt. No. 57. For the reasons below, the Court OVERRULES the objections and ADOPTS the R&R.

Federal Rule of Civil Procedure 72 allows a party to file written objections to an R&R within fourteen days. Fed. R. Civ. P. 72(b)(2). The objections must be "specific" and relate "to the [R&R's] proposed findings and recommendations." *Id.* "The district judge must determine de novo any part of the magistrate judge's

ORDER - 1

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The resulting order need not address each objection specifically. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) ("We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections.").

First, Cummings argues that the R&R mischaracterizes Ground 3 of his petition in order to dismiss it. The R&R concludes that Ground 3 challenges the constitutionality of a Washington statute under the Washington State Constitution, "and thereby warrants no federal habeas relief." Dkt. No. 56 at 5. Cummings argues that the petition requests relief under the U.S. Constitution as well. On review, however, Ground 3 requests relief only under the Washington Constitution. Accordingly, the objection is overruled.

Second, Cummings challenges the R&R's finding that his guilty plea precludes habeas relief for any pre-plea constitutional violations. But that is the general rule, and Cummings does not show that any exception applies. *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir. 1985) ("As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations."). Accordingly, the Court overrules Cummings's second objection.

Third, Cummings objects to the denial of an evidentiary hearing. Whether to hold an evidentiary hearing is within a district court's discretion, and the court need not hold one if the petitioner's allegations would not entitle him to relief under

ORDER - 2

28 U.S.C. § 2254(d). *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.")). Because the petition could be resolved on the existing record, no evidentiary hearing was required. Accordingly, the Court overrules Cummings's third objection.

Finally, Cummings objects to the R&R's recommendation to deny him a certificate of appealability. "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, the Court finds that reasonable jurists could not disagree with the R&R's recommendations. Thus, a certificate of appealability will not issue.

Accordingly, after reviewing de novo the portions of the R&R to which the Petitioner objected, the Court ADOPTS the R&R, Dkt. No. 56, OVERRULES the objections, Dkt. No. 57, and DENIES the Petition for Writ of Habeas Corpus, Dkt. No. 32 (Amended Petition). No certificate of appealability will issue. This case is DISMISSED, and the Clerk of the Court is DIRECTED to close it.

ORDER - 3

Dated this 26th day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 4